■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY M. SCHWEPPE, Appellant. [672 NYS2d 267] —Appeal from a judgment of the County Court of Schoharie County (Bartlett, III, J.), rendered July 26, 1996, convicting defendant upon his plea of guilty of the crime of vehicular manslaughter in the second degree.

As part of a negotiated plea agreement, defendant pleaded guilty to the crime of vehicular manslaughter in the second degree in full satisfaction of the indictment against him and waived his right to appeal. He was sentenced to a prison term of 1⅓ to 4 years. On appeal, defendant acknowledges that he knowingly and voluntarily waived his right to appeal, but attempts to overcome the effect of the waiver by arguing that the sentence was "illegal" because County Court failed to exercise its independent judgment and to consider a more lenient sentence than that agreed to by the parties as part of the plea agreement after the presentence report failed to disclose anything of which the court was not previously aware. There is no doubt that, despite a defendant's waiver of the right to appeal, the issue of the legality of a sentence is nevertheless preserved (*see, People v Laureano*, 87 NY2d 640, 643). We do not, however, construe defendant's argument here as attacking the legality of the sentence, which complied in all respects with the statutory requirements and the plea agreement. Rather, we view the essence of defendant's claim as challenging the discretion exercised by County Court in imposing his sentence, an issue which is foreclosed from review by defendant's waiver of his right to appeal (*see, People v Schwendinger*, 240 AD2d 822, *lv denied* 90 NY2d 910). Nevertheless, were we to consider the issue, we would find no evidence that County Court failed to exercise its independent judgment or abused its discretion in sentencing defendant or that extraordinary circumstances

exist which would warrant our intervention (*see,* CPL 470.15 [3] [c]). Accordingly, the sentence will not be disturbed.

Mercure, J. P., White, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.