THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WHITE, Appellant. [828 NYS2d 748]—Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered January 19, 2006. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sexual act in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him upon his plea of guilty of attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50 [4]) and endangering the welfare of a child (§ 260.10 [1]). To the extent that defendant's contention concerning ineffective assistance of counsel survives the guilty plea and defendant's waiver of the right to appeal (*see People v Nichols*, 32 AD3d 1316 [2006]; *People v Fifield*, 24 AD3d 1221, 1222 [2005], *lv denied* 6 NY3d 775 [2006]), we conclude that defendant failed to preserve his contention for our review inasmuch as he did not move to withdraw his plea or to vacate the judgment of conviction on that ground (*see People v Thompson*, 4 AD3d 785 [2004], *lv denied* 2 NY3d 808 [2004]; *see also People v Fulford*, 296 AD2d 661, 662 [2002]). In any event, defendant's contention is without merit because defendant has failed to establish "the absence of [a] strategic or other legitimate explanation" for defense counsel's action in advising defendant to accept a plea rather than seeking suppression of statements made by defendant to the police (*People v Goncalves*, 283 AD2d 1005, 1005 [2001], *lv denied* 96 NY2d 918 [2001]; *see generally People v Ford*, 86 NY2d 397, 404 [1995]). Present—Scudder, P.J., Hurlbutt, Smith, Lunn and Green, JJ.