THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN LEONARD, Appellant. [829 NYS2d 369]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered November 21, 2005. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [7]), defendant contends that he did not validly waive his right to appeal. We reject that contention. In order for defendant's waiver of the right to appeal to be enforceable, "it must be voluntary, knowing and intelligent" (*People v Moissett*, 76 NY2d 909, 911 [1990]), and the facts and circumstances surrounding the waiver establish that it was (*see People v Barber*, 278 AD2d 864 [2000], *lv denied* 96 NY2d 825 [2001]; *People v Coleman* [appeal No. 1], 219 AD2d 827 [1995]). The further contention of defendant that he was denied effective assistance of counsel does not survive his guilty plea or his waiver of the right to appeal because there was no showing "that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Barnes*, 32 AD3d 1250, 1251 [2006] [internal quotation marks omitted]; *see People v Perillo*, 300 AD2d 1097 [2002], *lv denied* 99 NY2d 618 [2003]). In any event, defendant failed to preserve that contention for our review because he failed to move to withdraw his guilty plea or to vacate the judgment of conviction on that ground (*see People v White*, 37 AD3d 1112 [2007]; *People v Thompson*, 4 AD3d 785 [2004], *lv denied* 2 NY3d 808 [2004]).

The contention of defendant in his pro se supplemental brief that County Court should have recused itself is encompassed by the waiver of the right to appeal (*see People v Palermo*, 301 AD2d 957 [2003], *lv denied* 99 NY2d 657 [2003]) and also is unpreserved for our review (*see* CPL 470.05 [2]). In any event, that contention lacks merit. Defendant demonstrated no basis for mandatory recusal inasmuch as the Judge's brother was not a party to the criminal proceeding against defendant (*see* Judiciary Law § 14; *People v Alomar*, 93 NY2d 239, 246 [1999]). We have considered the remaining contentions raised in defendant's pro se supplemental brief and conclude that they are without merit. Present—Scudder, P.J., Martoche, Smith, Peradotto and Pine, JJ.