THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE TANTAO, Appellant. [838 NYS2d 757]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered October 25, 2004. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree and grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) and grand larceny in the fourth degree (§ 155.30 [7]). Contrary to the contention of defendant, the record establishes that he knowingly, intelligently and voluntarily waived his right to appeal. County Court was

"not required to engage in any particular litany" in order to obtain a valid waiver of the right to appeal (*People v Moissett*, 76 NY2d 909, 910 [1990]), and the waiver is not invalid on the ground that the court did not specifically inform defendant that his general waiver of the right to appeal encompassed the court's suppression rulings (*see People v Kemp*, 94 NY2d 831, 833 [1999]). The court's questions during the plea colloquy, including two questions concerning the waiver of the right to appeal, and defendant's responses to those questions establish that defendant understood the proceedings and voluntarily waived the right to appeal. That valid waiver encompasses defendant's challenge to the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his further contentions that the plea was involuntary (*see People v Santalucia*, 19 AD3d 806, 807 [2005], *lv denied* 5 NY3d 856 [2005]; *People v Williams*, 6 AD3d 1149 [2004], *lv denied* 3 NY3d 650 [2004]; *People v Beekman*, 280 AD2d 784 [2001], *lv denied* 96 NY2d 780 [2001]), and that he was denied effective assistance of counsel (*see People v Leonard*, 37 AD3d 1148, 1149 [2007]; *People v Thompson*, 4 AD3d 785 [2004], *lv denied* 2 NY3d 808 [2004]; *People v Fulford*, 296 AD2d 661, 662 [2002]). In any event, the "contention of defendant that he was denied effective assistance of counsel does not survive his guilty plea or his waiver of the right to appeal because there was no showing 'that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance' " (*Leonard*, 37 AD3d at 1149, quoting *People v Barnes*, 32 AD3d 1250, 1251 [2006]; *see People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]). Present—Gorski, J.P., Smith, Centra, Lunn and Fahey, JJ.