■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN JENKINS, Appellant. [848 NYS2d 620]—Judgment, Supreme Court, New York County (Bonnie G. Wittner, J., at plea; Edward J. McLaughlin, J., at sentence), rendered July 11, 2006, convicting defendant of rape in the first degree, and sentencing him, as a second felony offender, to a term of 24 years, unanimously modified, on the law, to the extent of vacating the provision for postrelease supervision, and otherwise affirmed.

Defendant made a valid waiver of his right to appeal, which encompassed his excessive sentence claim and thus forecloses interest of justice review. In any event, were we to find that defendant did not make a valid waiver his right to appeal, we would perceive no basis for reducing the sentence.

As the People concede, since the crime was committed in 1996, before the effective date of the legislation (Penal Law § 70.45) providing for postrelease supervision, such supervision was incorrectly added to defendant's sentence. Since this issue involves the substantive illegality of the sentence, it survives defendant's waiver of his right to appeal. Concur—Lippman, P.J., Mazzarelli, Saxe, Williams and Buckley, JJ.