■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM M. DEAN, Appellant. [852 NYS2d 545]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered July 20, 2004. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree (two counts), criminal possession of stolen property in the third degree, criminal possession of a forged instrument in the second degree (two counts), attempted grand larceny in the third degree, falsifying business records in the first degree, petit larceny (two counts), attempted grand larceny in the fourth degree, scheme to defraud in the first degree, grand larceny in the fourth degree, issuing a bad check (nine counts) and tampering with a witness in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of various counts arising out of, inter alia, his theft of property. Contrary to the contention of defendant, the record of the plea colloquy establishes that he knowingly, intelligently and voluntarily waived his right to appeal (*see People v Tantao*, 41 AD3d 1274 [2007], *lv denied* 9

NY3d 882 [2007]). "County Court was 'not required to engage in any particular litany' in order to obtain a valid waiver of the right to appeal" (*id.* at 1274-1275, quoting *People v Moissett*, 76 NY2d 909, 910 [1990]). The valid waiver by defendant of the right to appeal encompasses his challenges to the court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Gilbert*, 17 AD3d 1164 [2005], *lv denied* 5 NY3d 762 [2005]), and the court's refusal to sever the indictment (*see People v Jefferson*, 161 AD2d 898 [1990], *lv denied* 76 NY2d 790 [1990]). The challenge by defendant to the factual sufficiency of the plea allocution also does not survive his valid waiver of the right to appeal (*see People v Collins*, 45 AD3d 1472 [2007]) and, in any event, by failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve that challenge for our review (*see id.*; *People v Hamilton*, 45 AD3d 1396 [2007]). Although defendant further contends that he was denied effective assistance of counsel, that contention does not survive his guilty plea or his waiver of the right to appeal because there was no showing " 'that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance' " (*People v Leonard*, 37 AD3d 1148, 1149 [2007], *lv denied* 8 NY3d 947 [2007]). Finally, the bargained-for sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.