THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORVIN MAHIPAT, Appellant. [852 NYS2d 872]—

1244

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of burglary in the third degree (Penal Law § 140.20), defendant contends that he was denied effective assistance of counsel. That contention "does not survive his guilty plea or his waiver of the right to appeal because there was no showing 'that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance' " (*People v Leonard*, 37 AD3d 1148, 1149 [2007], *lv denied* 8 NY3d 947 [2007]). In any event, defendant failed to preserve that contention for our review inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction on that ground (*see id.*).

Defendant further contends that County Court should have recused itself because the victim was an Appellate Division Justice with whom the court had a personal relationship. That contention also is encompassed by the waiver of the right to appeal and is unpreserved for our review (*see* CPL 470.05 [2]; *Leonard*, 37 AD3d at 1149). In any event, that contention lacks merit. Present—Smith, J.P., Centra, Fahey, Peradotto and Green, JJ.