■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY M. KEARNS, Appellant. [856 NYS2d 772]—Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered November 28, 2006. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree (two counts) and forcible touching.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of sexual abuse in the first degree (Penal Law § 130.65 [1]) and one count of forcible touching (§ 130.52). Contrary to the contention of defendant, his waiver of the right to appeal was voluntarily, knowingly, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Wilson*, 38 AD3d 1348 [2007], *lv denied* 9 NY3d 927 [2007]). That valid waiver of the right to appeal encompasses defendant's contentions concerning County Court's refusal to sever the indictment (*see People v Dean*, 48 AD3d 1244 [2008]), the court's denial of defendant's request for youthful offender status (*see People v Williams*, 37 AD3d 1193 [2007]), and the severity of the sentence (*see Lopez*, 6 NY3d at 256; *People v Wilson*, 289 AD2d 1088 [2001], *lv denied* 98 NY2d 656 [2002]).

Although defendant's further contention that the plea was not knowingly, voluntarily or intelligently entered survives the waiver of the right to appeal (*see generally People v Seaberg*, 74 NY2d 1, 10 [1989]), that contention is not preserved for our review inasmuch as defendant failed to move to withdraw his plea or to vacate the judgment of conviction (*see People v Bennefield*, 306 AD2d 911 [2003], *lv denied* 8 NY3d 981 [2007], *reconsideration denied* 9 NY3d 863 [2007]). This case does not fall within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]) and, in any event, defendant's plea was knowingly, voluntarily and intelligently entered (*see e.g. People v Davenport*, 273 AD2d 926 [2000]).

The contention of defendant that he was denied effective assistance of counsel "does not survive his guilty plea or his waiver of the right to appeal because there was no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*Dean*, 48 AD3d at 1245 [internal quotation marks omitted]). Present—Scudder, P.J., Smith, Centra, Peradotto and Pine, JJ.