THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNEL BALANEAN, Appellant. (Appeal No. 1.) [864 NYS2d 812]—

Appeal from a judgment of the Oneida County Court (Joseph D. McGuire, J.), rendered June 12, 2000. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of two counts of murder in the second degree (Penal Law § 125.25 [2]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of attempted murder in the second degree (§§ 110.00, 125.25 [1]). To the extent that the contention of defendant with respect to each appeal that he was denied effective assistance of counsel survives his respective guilty pleas and waivers of the right to appeal (*see People v Santos,* 37 AD3d 1141 [2007], *lv denied* 8 NY3d 950 [2007]; *see also People v Mahipat,* 49 AD3d 1243 [2008]; *People v Perillo,* 300 AD2d 1097 [2002], *lv denied* 99 NY2d 618 [2003]), we conclude that it is without merit. Defendant received "an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford,* 86 NY2d 397, 404 [1995]).

Contrary to the further contention of defendant, County Court properly determined that defendant was competent to stand trial despite his contention that he had amnesia and al-

legedly was unable to recall the events underlying the crimes. The People established by a preponderance of the evidence that defendant had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . and . . . a rational as well as factual understanding of the proceedings against him" (*Dusky v United States,* 362 US 402, 402 [1960] [internal quotation marks omitted]; *see People v Mendez,* 1 NY3d 15, 19-20 [2003]). In any event, even assuming, arguendo, that defendant had amnesia, we note that there is no requirement that he be found incompetent to stand trial. As the Court of Appeals has written, "[a]s a guideline for . . . cases in which [a] defendant claims inability to stand trial due to amnesia proved to be genuine, we approve of a . . . motion (pursuant to CPL 730.10 [1]) . . . whereupon the Judge to whom it is addressed shall determine whether, under all the circumstances and with regard to the nature of the crime and the availability of evidence to the defendant, it is likely he can receive a fair trial" (*People v Francabandera,* 33 NY2d 429, 438 [1974]; *see also People v Goodell,* 164 AD2d 321, 327 [1990], *affd* 79 NY2d 869 [1992]). Present—Smith, J.P., Lunn, Fahey and Peradotto, JJ.