— Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered August 28, 2006. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated as a class E felony.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [c] [i]). Contrary to the contention of defendant, his waiver of the right to appeal was voluntarily, knowingly, and intelligently entered (see People v Lopez, 6 NY3d 248, 256 [2006]). Any nonwaivable issues purportedly encompassed by the waiver “are excluded from the scope of the waiver [and] the remainder of the waiver is valid and enforceable” (People v Norton, 9 AD3d 741, 742 [2004]). Although defendant’s contention that the plea was not knowingly, voluntarily or intelligently entered survives the waiver of the right to appeal, that contention is not preserved for our review because defendant failed to move to withdraw his plea or to vacate the judgment of conviction (see People v Kearns, 50 AD3d 1514 [2008]; People v Aguayo, 37 AD3d 1081 [2007], lv denied 8 NY3d 981 [2007]). This case does not fall within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]).
The contention of defendant that he was denied effective assistance of counsel based on defense counsel’s failure to demand a bill of particulars and other items of discovery prior to the plea survives the plea and waiver of the right to appeal “only insofar as [defendant] contends that his plea was infected by the allegedly ineffective assistance and that he entered the plea because of his attorney’s allegedly poor performance” (People v Bethune, 21 AD3d 1316 [2005], lv denied 6 NY3d 752 [2005]). We conclude, however, that defendant’s contention lacks merit (see generality People v Ford, 86 NY2d 397, 404 [1995]). Defendant’s further contention concerning ineffective assistance of counsel involves matters outside the record and thus must be raised by way of a motion pursuant to CPL article 440 (see Bethune, 21 AD3d 1316 [2005]; People v Leno, 21 AD3d 1399 [2005], lv denied 5 NY3d 883 [2005]).
Finally, the valid waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence (see Lopez, 6 NY3d at 255-256; People v Hidalgo, 91 NY2d 733, 737 [1998]). Present — Scudder, P.J., Martoche, Smith, Peradotto and Pine, JJ.