■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELBY HOLCOMB, Appellant. (Appeal No. 1.) [876 NYS2d 917]— Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered August 22, 2007. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELBY HOLCOMB, Appellant. (Appeal No. 2.) [876 NYS2d 813]— Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered August 22, 2007. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree and criminal possession of stolen property in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed for criminal possession of stolen property in the third degree and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing on count five of the indictment.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of robbery in

the second degree (Penal Law § 160.10 [2]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (§ 140.30 [2]) and criminal possession of stolen property in the third degree (§ 165.50). Contrary to defendant's contention in both appeals, the record establishes that County Court " 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Glasper*, 46 AD3d 1401, 1401 [2007], *lv denied* 10 NY3d 863 [2008]; *cf. People v Kemp*, 255 AD2d 397 [1998]). The valid waiver by defendant of the right to appeal with respect to each plea encompasses his challenge to the severity of the sentence in each appeal (*see generally People v Lopez*, 6 NY3d 248, 256 [2006]).

The contention of defendant in appeal No. 2 that the sentence is illegal, however, survives his waiver of the right to appeal (*see People v Callahan*, 80 NY2d 273, 280 [1992]). As the People correctly concede, the court erred in sentencing defendant to a determinate term of incarceration for criminal possession of stolen property in the third degree, a class D felony, inasmuch as Penal Law § 70.00 (1) requires the imposition of an indeterminate sentence, absent certain exceptions that are not present here. We therefore modify the judgment in appeal No. 2 by vacating the sentence imposed for criminal possession of stolen property in the third degree, and we remit the matter to County Court for resentencing on that count of the indictment.

Finally, we note that the certificate of conviction in appeal No. 2 transposes the sentences imposed for burglary in the first degree and criminal possession of stolen property in the third degree, and it must therefore be amended to reflect the appropriate sentences (*see generally People v Martinez*, 37 AD3d 1099, 1100 [2007], *lv denied* 8 NY3d 947 [2007]). Present— Hurlbutt, J.P., Martoche, Centra, Peradotto and Gorski, JJ.