■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL VERSE, Appellant. [877 NYS2d 564]—Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered February 25, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (4)]). Contrary to the contention of defendant, the record of the plea colloquy establishes that he knowingly, intelligently and voluntarily waived his right to appeal (see People v Dean, 48 AD3d 1244 [2008], lv denied 10 NY3d 839 [2008]). Supreme Court was " 'not required to engage in any particular litany' " in order to obtain a valid waiver of the right to appeal" (People v Tantao, 41 AD3d 1274, 1275 [2007], lv denied 9 NY3d 882 [2007], quoting People v Moissett, 76 NY2d 909, 910 [1990]). The valid waiver by defendant of the right to appeal encompasses his challenge to the court's suppression ruling (see People v Kemp, 94 NY2d 831, 833 [1999]; Dean, 48 AD3d at 1245).

We reject the further contention of defendant that the court's determination that he is a persistent violent felony offender was based upon inadmissible evidence. Pursuant to CPL 400.22, the certificate of the Acting Superintendent of the Elmira Correctional Facility with the seal of the New York State Department of Correctional Services is prima facie evidence of defendant's length of imprisonment and date of discharge with respect to the convictions set forth in the certificate. Present—Smith, J.P., Centra, Fahey, Carni and Gorski, JJ.