■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN YOUNG, Appellant. [887 NYS2d 645]—

Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Suffolk County (R. Doyle, J.), imposed June 14, 2007, upon his conviction of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, the sentence being a determinate term of 2½ years imprisonment, and a period of postrelease supervision of five years.

Ordered that the sentence is modified, on the law, by vacating the period of postrelease supervision of five years; as so modified, the sentence is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for the imposition of an appropriate period of postrelease supervision in accordance with Penal Law § 70.45 (2) (e).

The defendant's valid and unrestricted waiver of his right to appeal, executed as part of his plea agreement, precludes review of his claim that the sentence imposed was excessive (*see People v Lopez,* 6 NY3d 248 [2006]; *People v Hidalgo,* 91 NY2d 733 [1998]; *People v White,* 62 AD3d 916 [2009]). However, the defendant's waiver of the right to appeal does not bar this Court from reviewing the legality of his sentence (*see People v Seaberg,* 74 NY2d 1, 9 [1989]; *People v Holcomb,* 61 AD3d 1356 [2009]; *People v Jennings,* 60 AD3d 694 [2009]; *People v Jenkins,* 46 AD3d 392 [2007]; *People v Nicholas,* 8 AD3d 300 [2004]). Although the presentence report indicates that the defendant previously was convicted of a nonviolent felony, he was never arraigned on a predicate felony offender statement, or adjudicated a second felony offender. Accordingly, the Supreme Court could not have properly sentenced the defendant to a five-year period of postrelease supervision as a second felony offender (*see People v Cole,* 31 AD3d 1190 [2006]; *People v Coffie,* 272 AD2d 870 [2000]). As a first violent felony offender convicted of the class E violent felony of attempted criminal possession of a

weapon in the third degree, the defendant was subject to a mandatory period of postrelease supervision of not less than 1½ years nor greater than three years (*see* Penal Law § 70.02 [3] [d]; § 70.45 [2] [e]). Since the five-year period of postrelease supervision imposed by the court exceeds the statutory maximum, we remit the matter to the Supreme Court, Suffolk County, for the imposition of an appropriate period of postrelease supervision in accordance with Penal Law § 70.45 (2) (e). Skelos, J.P., Miller, Eng and Lott, JJ., concur.