■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW STRAW, Appellant. [894 NYS2d 706]—Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered June 19, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree and burglary in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20) and criminal possession of stolen property in the fourth degree (§ 165.45 [5]). We reject the contention of defendant that his waiver of the right to appeal was not knowingly, voluntarily, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256 [2006]). "No particular litany is required for an effective waiver of the right to appeal" (*People v McDonald*, 270 AD2d 955 [2000], *lv denied* 95 NY2d 800 [2000]; *see People v Callahan*, 80 NY2d 273, 283 [1992]), and the responses of defendant to Supreme Court's questions during the plea colloquy establish that he understood the proceedings and voluntarily waived the right to appeal (*see People v Tantao*, 41 AD3d 1274 [2007], *lv denied* 9 NY3d 882 [2007]). The valid waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]), but it does not encompass defendant's challenge to the amount of restitution ordered inasmuch as that amount was not included in the terms of the plea agreement (*see People v Lovett*, 8 AD3d 1007 [2004], *lv denied* 3 NY3d 673, 677 [2004]; *cf. People v Gordon*, 43 AD3d 1330 [2007], *lv denied* 9 NY3d 1006 [2007]). Contrary to defendant's contention, however, the People met their burden of establishing the victim's out-of-pocket loss by a preponderance of the evidence (*see* CPL 400.30 [4]; *People v Tzitzikalakis*, 8 NY3d 217, 221 [2007]). Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.