■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNY D. STREETER, Appellant. [897 NYS2d 358]—

Appeal from a judgment of the Niagara County Court (William J. Watson, A.J.), rendered September 25, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (Penal Law § 215.51 [b] [iv]). We reject the contention of defendant that his waiver of the right to appeal was not knowingly, voluntarily, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Straw*, 70 AD3d 1341 [2010]). It is well settled that "[n]o particular litany is required for an effective waiver of the right to appeal" (*People v McDonald*, 270 AD2d 955 [2000], *lv denied* 95 NY2d 800 [2000]; *see People v Callahan*, 80 NY2d 273, 283 [1992]), and the responses of defendant to County Court's questions during the plea colloquy established that he understood the plea proceedings and voluntarily waived the right to appeal (*see People v Tantao*, 41 AD3d 1274 [2007], *lv denied* 9 NY3d 882 [2007]). The valid waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence (*see Lopez*, 6 NY3d at 255; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). We note, however, that the court erroneously advised defendant at the time of sentencing that he was entitled to "appeal the sentence." In view of that

error, we thus further note that defendant's challenge to the severity of the sentence lacks merit.

Defendant contends in his pro se supplemental brief that his sentence is illegal because the court imposed a period of interim probation prior to sentencing him to a term of imprisonment and relied on the description of his conduct during that period of interim probation set forth in the presentence report. Although that contention survives defendant's waiver of the right to appeal (*see People v Callahan*, 80 NY2d 273, 280 [1992]; *People v Holcomb*, 61 AD3d 1356 [2009], *lv denied* 13 NY3d 745 [2009]), we conclude that it is without merit. The court was authorized to impose a period of interim probation pursuant to CPL 390.30 (6), and the court followed the proper procedure in revoking that period of interim probation (*see generally People v Outley*, 80 NY2d 702, 712-713 [1993]; *People v Rollins*, 50 AD3d 1535 [2008], *lv denied* 10 NY3d 939 [2008]). Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ.