■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN D. THOMAS, Appellant. [899 NYS2d 761]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered September 2, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (Penal Law § 215.51 [b] [iv]). Defendant contends that his plea was not knowingly, voluntarily, or intelligently entered because County Court failed to recite the name of the person whom defendant called in violation of an order of protection and failed to specify the date of the telephone call. That contention is actually a challenge to the factual sufficiency of the plea allocution, which is encompassed by defendant's valid waiver of the right to appeal (*see People v Bailey*, 49 AD3d 1258 [2008], *lv denied* 10 NY3d 932 [2008]). Defendant also failed to preserve that challenge for our review by failing to move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Lopez*, 71 NY2d 662, 665 [1988]), and this case does not fall within the narrow exception to the preservation requirement (*see id.* at 666). Defendant further contends that he was denied effective assistance of counsel based on defense counsel's failure to preserve for our review his challenge to the factual sufficiency of the plea colloquy. To the extent that defendant's

contention survives the plea and the waiver of the right to appeal (*see People v Santos*, 37 AD3d 1141 [2007], *lv denied* 8 NY3d 950 [2007]), we conclude that it is lacking in merit. The record establishes that "[d]efendant received 'an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of [defense] counsel' " (*People v Balanean*, 55 AD3d 1353, 1353 [2008], *lv denied* 11 NY3d 895 [2008], quoting *People v Ford*, 86 NY2d 397, 404 [1995]).

Defendant further contends that he was confused during the plea colloquy because "it was happening so fast" and thus that the court erred in denying his motion to withdraw the plea, which we note was not directed at a specific ground. We reject that contention inasmuch as the record establishes that defendant responded in the affirmative when the court asked him whether he understood the nature of the proceedings and the plea agreement, and had discussed the matter with his attorney (*see People v Alexander*, 97 NY2d 482, 485 [2002]; *People v Beaty*, 303 AD2d 965 [2003], *lv denied* 100 NY2d 559 [2003]; *People v Rickard*, 262 AD2d 1073 [1999], *lv denied* 94 NY2d 828 [1999]).

Finally, defendant's challenge to the severity of the sentence, raised in his pro se supplemental brief, is encompassed by his valid waiver of the right to appeal (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]). In any event, the sentence is not unduly harsh or severe. Present—Smith, J.P., Carni, Pine and Gorski, JJ.