■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP TRUNZO, JR., Appellant. [899 NYS2d 718]—Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered April 17, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree and escape in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and escape in the first degree (§ 205.15 [2]) and sentencing him as a second felony offender to concurrent terms of imprisonment totaling eight years. Contrary to defendant's contention, the sentence with respect to criminal sale of a controlled substance is not unduly harsh or severe. Moreover, contrary to the contention of defendant in his pro se supplemental brief, the record establishes that County Court did in fact properly sentence him in accordance with the 2009 Drug Law Reform Act (CPL 440.46), which took effect shortly before the sentencing date. We have considered the remaining contentions of defendant in his pro se supplemental brief and conclude that they are without merit. Present—Scudder, P.J., Martoche, Lindley, Green and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT AIKEN, Appellant. [905 NYS2d 531]—Appeal from a judgment of the Erie County Court (Thomas P. Amodeo, A.J.), rendered June 17, 2008. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, as a class E felony.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (i)]). The record establishes that defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]), and that valid waiver encompasses his challenge to County Court's suppression ruling (see People v Kemp, 94 NY2d 831, 833 [1999]). Present—Scudder, P.J., Martoche, Lindley, Green and Gorski, JJ.