THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. McKEON, JR., Appellant. [910 NYS2d 623]—

Appeal from a judgment of the Orleans County Court (Robert C. Noonan, A.J.), rendered February 27, 2009. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [2]). Contrary to defendant's contention, the record of the plea proceeding in County Court establishes that, pursuant to the terms of the plea agreement, defendant agreed to waive the right to appeal. The record further establishes that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" and that his waiver of the right to appeal was knowingly, voluntarily, and intelligently entered (*People v Lopez*, 6 NY3d 248, 256 [2006]). Contrary to defendant's contention, certain comments made by the Supreme Court Justice who sentenced defendant, despite the fact that the plea was entered in County Court, were not relevant to, nor did they invalidate,

defendant's valid waiver of the right to appeal (*see generally People v Moissett*, 76 NY2d 909, 912 [1990]).

Although the contention of defendant that the plea was not knowingly and voluntarily entered survives his waiver of the right to appeal, he failed to preserve that contention for our review by failing to move to withdraw his guilty plea or to vacate the judgment of conviction on that ground (*see People v Thomas*, 72 AD3d 1483 [2010]). In any event, his contention is without merit. In support of that contention, defendant asserts that his actions may have been justified and that County Court mistakenly advised him that he had a duty to retreat from his home. Although we agree with defendant that the court mistakenly advised him concerning his duty to retreat (*see* Penal Law § 35.15 [2] [a] [i]), we nevertheless conclude that the court's error did not render the plea invalid. Defendant did not indicate in his recitation of the facts underlying the crime that he reasonably believed that the victim was using or was about to use deadly physical force (*see* § 35.15 [2] [a]; *see generally People v Lopez*, 71 NY2d 662, 666 [1988]; *People v McKnight*, 256 AD2d 1194 [1998], *lv denied* 93 NY2d 876 [1999]).

The further contention of defendant that County Court erred in refusing to suppress his statements to the police as well as the evidence seized from his home is encompassed by his waiver of the right to appeal (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Aiken*, 73 AD3d 1450 [2010], *lv denied* 15 NY3d 771 [2010]). Finally, defendant failed to preserve for our review his contention that the orders of protection, which were amended following their issuance, should be vacated (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]; *People v Shampine*, 31 AD3d 1163, 1164 [2006]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Martoche, J.P., Centra, Carni, Lindley and Pine, JJ.