■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES P. KINNEY, Appellant. [942 NYS2d 511]—

Judgment, Supreme Court, New York County (Patricia M. Nunez, J.), rendered April 27, 2009, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fourth degree, and sentencing him, as a second felony drug offender, to a term of three years, unanimously affirmed.

The court properly denied defendant's motion to withdraw his guilty plea (*see People v Frederick*, 45 NY2d 520 [1978]). "[T]he nature and extent of the fact-finding procedures on such motions rest largely in the discretion of the court" (*People v Fiumefreddo*, 82 NY2d 536, 544 [1993]). The court granted defendant a full opportunity to present his claims, and the circumstances did not warrant further inquiry. The record establishes the voluntariness of the plea.

In moving to withdraw his plea, defendant claimed he pleaded guilty, despite his innocence, because he expected his attorney's ineffectiveness would have resulted in a conviction after trial. Defendant cited some lines of investigation that he thought counsel should have pursued. However, the court was entitled to rely on its familiarity with the case, including both the plea allocution and prior proceedings, in rejecting defendant's claims. We find nothing in the record that casts doubt on the effectiveness of the attorney who represented defendant at the time of the plea, or a prior attorney who had been replaced at defendant's request (*see generally People v Ford*, 86 NY2d 397, 404 [1995]).

Defendant also claims his plea allocution was insufficient because the court did not inquire about a possible agency defense, even though the court knew defendant had raised that

defense before the grand jury. However, defendant did not move to withdraw his plea on that ground. Moreover, this case does not come within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662 [1988]), because there was nothing in the plea allocution that cast doubt on defendant's guilt or raised an agency defense. Accordingly, this claim is unpreserved and we decline to review it in the interest of justice.

As an alternative holding, we also reject it on the merits. Nothing occurred during the plea allocution that would trigger a duty to inquire about a waiver of an agency defense (*see e.g. People v Fiallo*, 6 AD3d 176, 177 [2004], *lv denied* 3 NY3d 640 [2004]; *compare People v Mobley*, 68 AD3d 786 [2009]). "The court's duty to inquire [is] not triggered by statements [that a] defendant may have made at junctures other than the plea proceeding itself" (*People v Sands*, 45 AD3d 414, 415 [2007], *lv denied* 10 NY3d 816 [2008]). Concur—Tom, J.P., Friedman, Catterson, Acosta and Freedman, JJ.