■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL W. YOUNG, Appellant. [976 NYS2d 623]—

Garry, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 23, 2011, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

Defendant pleaded guilty to manslaughter in the first degree in satisfaction of a two-count indictment and probation violation petition, and waived his right to appeal. County Court rejected defendant's application to withdraw his plea, and sentenced him to an agreed-upon prison term of 20 years, to be followed by postrelease supervision of five years. Defendant appeals.

Initially, we reject defendant's claim that he did not validly waive his right to appeal his conviction and sentence. Defense counsel indicated during the plea colloquy that he had gone over the terms of the plea agreement with defendant, which included the execution of a waiver of the right to appeal. County Court set out the terms of the agreement, including an extended explanation of the right he was forfeiting with this appeal waiver, and obtained defendant's confirmation that he wished to accept the plea agreement. Defendant then indicated that he had discussed the proposed agreement with counsel and was satisfied with his services. Thereafter, at the time of sentencing, defendant stated that he did not understand that he had given up his right to appeal, but upon review of the record we are satisfied that a valid waiver had been made (*see People v Moissett*, 76 NY2d 909, 912 [1990]; *People v Shurock*, 83 AD3d 1342, 1342-1343 [2011]; *People v Deere*, 8 AD3d 763, 763-764 [2004],

*lv denied* 3 NY3d 673 [2004]). Defendant's arguments regarding his sentence are precluded by this valid appeal waiver (*see People v Schweppe*, 250 AD2d 881, 881-882 [1998], *lv denied* 92 NY2d 905 [1998]).

With respect to defendant's application to withdraw his guilty plea, such "is left to the sound discretion of County Court, and will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (*People v Seuffert*, 104 AD3d 1021, 1021 [2013], *lv denied* 21 NY3d 1009 [2013] [internal quotation marks and citations omitted]). Defendant's assertion that he was confused by the plea agreement and felt coerced to accept it is belied by the record. He discussed a possible justification defense with County Court and defense counsel prior to pleading guilty, then engaged in a detailed plea colloquy in which he expressed his understanding of both the terms of the plea agreement and the rights he was giving up by entering into it. Defendant further confirmed that he had not been threatened or forced into pleading guilty and that he had discussed the plea agreement with defense counsel and was satisfied with counsel's performance. We accordingly find that County Court did not abuse its discretion in denying defendant's application to withdraw the plea (*see People v Wilson*, 92 AD3d 981, 981 [2012], *lv denied* 19 NY3d 1029 [2012]; *People v Demontigny*, 60 AD3d 1152, 1152-1153 [2009], *lv denied* 12 NY3d 914 [2009]).

Rose, J.P., Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.