Egan Jr., J.
Appeal from a judgment of the County Court of Cortland County (Ames, J.), rendered January 31, 2012, convicting defendant upon his plea of guilty of the crimes of use of a child in a sexual performance and course of sexual conduct against a child in the first degree.
Defendant waived indictment and pleaded guilty to a superior court information charging him with use of a child in a sexual performance and course of sexual conduct against a child in the first degree. Defendant thereafter moved to withdraw his plea, contending that he was pressured into pleading guilty based upon the threat of a federal prosecution. County Court denied defendant’s motion and thereafter sentenced him — consistent with the terms of the plea agreement — to an aggregate prison term of 15 years followed by 20 years of postrelease supervision. Defendant now appeals.
Initially, we agree with defendant that his waiver of the right to appeal his conviction and sentence was invalid due to the lack of specificity contained within the document entitled *1241 “waiver of appeal” and County Court’s corresponding failure to apprise defendant of the separate and distinct nature of the right that he was forfeiting (see People v Gilbert, 106 AD3d 1133, 1133 [2013]; People v Ladieu, 105 AD3d 1265, 1265 [2013], lv denied 21 NY3d 1017 [2013]). Accordingly, none of the arguments advanced by defendant upon appeal are precluded by the purported waiver.
Turning to the merits, “[t]he fact that the possibility of a federal prosecution may have influenced defendant’s decision to plead guilty is insufficient to establish that the plea was coerced” (People v Hobby, 83 AD3d 1536, 1536 [2011], lv denied 17 NY3d 859 [2011]; cf. People v Goodell, 104 AD3d 1026, 1026 [2013], lv denied 22 NY3d 1138 [2014]; People v Wolf, 88 AD3d 1266, 1267 [2011], lv denied 18 NY3d 863 [2011]). Further, defendant’s present claim of coercion is belied by the transcript of the plea colloquy, wherein defendant — in addition to admitting that he committed the underlying crimes — expressly denied that he had been threatened in any manner, indicated that he was pleading guilty of his own free will and confirmed that he had thoroughly discussed the matter with counsel, who, in turn, had answered all of his questions (see People v Young, 112 AD3d 1068, 1069 [2013]; People v Wilson, 92 AD3d 981, 981 [2012], lv denied 19 NY3d 1029 [2012]; People v Coppaway, 281 AD2d 754, 754 [2001]). Accordingly, County Court did not abuse its discretion in denying defendant’s motion to withdraw his plea.
Defendant’s challenges to the factual sufficiency and voluntariness of his plea were not advanced in his motion to withdraw his plea, and the record does not reflect that defendant thereafter moved to vacate the judgment of conviction upon the grounds now asserted (see People v Robinson, 112 AD3d 1349, 1349 [2013]; People v Lugg, 108 AD3d 1074, 1075 [2013]; People v Kinney, 94 AD3d 641, 641-642 [2012], lv denied 19 NY3d 963 [2012]). Accordingly, these claims are unpreserved for our review. Moreover, the narrow exception to the preservation requirement was not triggered here, as defendant did not make any statements during the plea colloquy that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Gruber, 108 AD3d 877, 877 [2013], lv denied 22 NY3d 956 [2013]; People v Sylvan, 107 AD3d 1044, 1045 [2013], lv denied 22 NY3d 1141 [2014]). Defendant’s claim that he was denied the effective assistance of counsel due to counsel’s alleged failure to seek County Court’s recusal is similarly unpreserved absent evidence of an appropriate postal-locution motion upon that ground (see People v Frazier, 63 AD3d 1633, 1633-1634 [2009], lv denied 12 NY3d 925 [2009]; People v *1242 Mahipat, 49 AD3d 1243, 1244 [2008]; People v Leonard, 37 AD3d 1148, 1149 [2007], lv denied 8 NY3d 947 [2007]).
Finally, with respect to the sentence imposed, the record reflects that defendant exploited his position of trust over a young victim and subjected her to repeated acts of sexual abuse — at least one of which he photographed. Under these circumstances, we discern no abuse of discretion or extraordinary circumstances that would warrant a reduction in the agreed-upon sentence (see People v Beliard, 101 AD3d 1236, 1239 [2012], lv denied 20 NY3d 1096 [2013]; People v Hults, 308 AD2d 608, 609 [2003], lv denied 1 NY3d 540 [2003]). Defendant’s remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Peters, EJ., Garry and Rose, JJ., concur. Ordered that the judgment is affirmed.