# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**807**

**KA 13-01342**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

JOSEPH M. DILAURA, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH M. DILAURA, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered October 18, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that the waiver of the right to appeal is not valid and challenges the severity of the sentence. Although the record establishes that defendant knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256), we conclude that the valid waiver of the right to appeal does not encompass the challenge to the severity of the sentence because "no mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal his conviction that he was also waiving his right to appeal the harshness of his sentence" (*People v Pimentel*, 108 AD3d 861, 862, *lv denied* 21 NY3d 1076; *see People v Peterson*, 111 AD3d 1412, 1412). Nevertheless, we reject defendant's challenge to the severity of the sentence.

Defendant's further contention in his pro se supplemental brief that he was denied effective assistance of counsel does not survive his plea and valid waiver of the right to appeal his conviction inasmuch as "defendant failed to demonstrate that 'the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor

performance' " (*People v Wright*, 66 AD3d 1334, 1334, *lv denied* 13 NY3d 912; *see People v Hodge*, 85 AD3d 1680, 1681, *lv denied* 18 NY3d 883; *People v Kearns*, 50 AD3d 1514, 1515, *lv denied* 11 NY3d 790). Finally, we reject defendant's request that this direct appeal from the judgment of conviction be decided in conjunction with a CPL article 440 motion that defendant has allegedly made in County Court. A direct appeal cannot be consolidated with a motion pending in a trial court.

Entered:  July 11, 2014                          Frances E. Cafarell
                                                 Clerk of the Court