People v Thomas (2018 NY Slip Op 00753)





People v Thomas


2018 NY Slip Op 00753


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1452 KA 16-00444

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDRE D. THOMAS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered November 30, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, his waiver of the right to appeal is valid (see generally People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]). People v Brown (296 AD2d 860 [4th Dept 2002], lv denied 98 NY2d 767 [2002]), relied on by defendant, is distinguishable. In Brown, we held that the plea court's "single reference to defendant's right to appeal [was] insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (id. at 860 [emphasis added and internal quotation marks omitted]). Here, in contrast, Supreme Court provided defendant with an extensive and detailed description of the proposed waiver of the right to appeal before securing his consent thereto. Defendant's valid waiver of the right to appeal forecloses his suppression claim (see People v Kemp, 94 NY2d 831, 833 [1999]; People v Scott, 144 AD3d 1597, 1597-1598 [4th Dept 2016], lv denied 28 NY3d 1150 [2017]; People v Verse, 61 AD3d 1409, 1409 [4th Dept 2009], lv denied 12 NY3d 930 [2009]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court