People v Soriano (2019 NY Slip Op 09131)





People v Soriano


2019 NY Slip Op 09131


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


999 KA 18-00202

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KIM SORIANO, DEFENDANT-APPELLANT. 






BELLETIER LAW OFFICE, SYRACUSE (ANTHONY BELLETIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered September 15, 2017. The judgment convicted defendant upon his plea of guilty of course of sexual conduct against a child in the first degree, rape in the first degree and sexual abuse in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]), rape in the first degree (§ 130.35 [4]), and two counts of sexual abuse in the first degree (§ 130.65 [3]). Initially, we agree with the People and defendant that the waiver of the right to appeal is invalid because County Court "conflated the right to appeal with those rights automatically forfeited by the guilty plea" (People v Rogers, 159 AD3d 1558, 1558 [4th Dept 2018], lv denied 31 NY3d 1152 [2018]). The record therefore does not establish that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]).
Contrary to defendant's contention, by pleading guilty defendant waived his contention that the indictment was defective for failing to give sufficient specificity with respect to the time frames for the alleged crimes (see People v Sims, 129 AD3d 1509, 1510 [4th Dept 2015], lv denied 26 NY3d 935 [2015]; People v Riley, 267 AD2d 1072, 1073 [4th Dept 1999]).
The further contention of defendant that he was denied effective assistance of counsel "does not survive his guilty plea . . . because there was no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (People v Dean, 48 AD3d 1244, 1245 [4th Dept 2008], lv denied 10 NY3d 839 [2008] [internal quotation marks omitted]). To the extent that defendant's contention survives his guilty plea, it is well settled that, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Ford, 86 NY2d 397, 404 [1995]). We conclude on the record before us that defendant was afforded meaningful representation (see generally id.).
Finally, we reject defendant's contention that the court erred in denying without an evidentiary hearing his pro se motion to withdraw his guilty plea. "The decision to permit a defendant to withdraw a guilty plea rests in the sound discretion of the court . . . and where . . . a defendant's motion to withdraw is patently insufficient on its face, the court may summarily deny the motion" (People v Smith, 122 AD3d 1300, 1301-1302 [4th Dept 2014], lv denied 25 NY3d 1172 [2015] [internal quotation marks omitted]). Furthermore, "[o]nly in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will [*2]suffice. The defendant should be afforded [a] reasonable opportunity to present his contentions and the court should be enabled to make an informed determination" (People v Tinsley, 35 NY2d 926, 927 [1974]). The record establishes that defendant was afforded such an opportunity and that the court was able to make an informed determination of the motion. Contrary to defendant's related contention, defense counsel did not take an adverse position on defendant's pro se motion to withdraw the guilty plea and therefore the court did not abuse its discretion in failing to substitute new counsel (see People v Weinstock, 129 AD3d 1663, 1664 [4th Dept 2015], lv denied 26 NY3d 1012 [2015]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court