■ In the Matter of FRANK W. HIGGINS, III, Respondent, v SHERIFF OF CATTARAUGUS COUNTY, Appellant, and NEW YORK STATE DIVISION OF PROBATION AND CORRECTIONAL ALTERNATIVES, Respondent.—Appeal unanimously dismissed without costs as moot. Same memorandum as in *Higgins v County of Cattaraugus* (166 AD2d 923 [decided herewith]). (Appeal from order of Supreme Court, Cattaraugus County, Horey, J.—habeas corpus.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.

■ Ross W. SEAVER, Respondent, v CATTARAUGUS COUNTY et al., Appellants.—Appeal unanimously dismissed without costs as moot. Same memorandum as in *Higgins v County of Cattaraugus* (166 AD2d 923 [decided herewith]). (Appeal from judgment of Supreme Court, Cattaraugus County, Horey, J.—art 78.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN CETOLA, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—violation of probation.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. IRWIN, JR., Appellant.—On reargument, judgment unanimously modified on the law and as modified affirmed and matter remitted to Niagara County Court for further proceedings, in accordance with the following memorandum: On February 2, 1990, we affirmed the judgment entered upon a plea of guilty convicting defendant of two counts of attempted sodomy in the first degree and two counts of sodomy in the second degree. Subsequently, we granted defendant's *pro se* motion for reargument. On reargument, defendant contends that he was improperly convicted of two counts of attempted sodomy in the first degree.

Our review of the transcript of the plea minutes shows that, although the District Attorney and defendant entered into a plea agreement whereby defendant would plead guilty to two counts of attempted sodomy in the first degree and two counts of sodomy in the second degree in satisfaction of a 74-count

indictment, the court asked defendant how he pleaded to two counts of attempted sodomy in the *second* degree as well as two counts of sodomy in the second degree. The certificate of conviction recites that defendant was convicted of two counts of attempted sodomy in the first degree and two counts of sodomy in the second degree, and defendant was sentenced accordingly.

Because defendant did not plead to attempted sodomy in the first degree, we modify the judgment of conviction by reducing the two convictions for attempted sodomy in the first degree to attempted sodomy in the second degree and by vacating the sentences imposed thereon, and we remit the matter to County Court for resentencing on those counts.

Because the District Attorney did not consent to the acceptance of a plea to attempted sodomy in the second degree, the court should entertain a motion by the People, should the People be so disposed, to vacate the plea and set aside the conviction in its entirety *(see, People v Farrar,* 52 NY2d 302, 307-308). (Appeal from judgment of Niagara County Court, DiFlorio, J.—attempted sodomy, first degree.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.