OPINION OF THE COURT
Edward A. Maron, J.
The defendant moves for an order (1) dismissing the accusa *407 tory instrument pursuant to CPL 210.20 (1) (e),[1] upon the ground that this prosecution is barred by reason of a previous prosecution pursuant to CPL 40.20; (2) dismissing the accusatory instrument pursuant to CPL 170.30 (1) (c) and (f),[2] as a legal impediment to prosecution exists which prohibits the commencement of this action; and (3) dismissing the action pursuant to CPL 30.30 (1) (b), upon the grounds that the defendant has been denied his right to a speedy trial.
I. Procedural and Factual History
This criminal proceeding stems from the defendant’s conduct as a defense witness in an unrelated criminal case. On June 19, 2002 the defendant was called to testify as a witness for the defense in the criminal matter of People v Hart that was pending in the Nassau County Court. The defendant began testifying and was in the process of being cross-examined by the People. At the conclusion of the day’s proceedings, the defendant was directed by the Honorable Donald DeRiggi to return to court the next day to continue testifying under cross-examination by the People (see transcript at 1105, lines 2-4). The defendant failed to appear as directed. As a result, Judge DeRiggi summarily granted the People’s oral application to hold the defendant in contempt and ordered his arrest. The transcript reveals that on June 21, 2002 Judge DeRiggi ruled that the defendant committed criminal contempt in open court of a mandate of the court (see transcript at 1313, lines 6, 7). Judge DeRiggi did not, however, specify what section of the law the defendant violated (i.e., Judiciary Law § 750 or Penal Law § 215.50).
Approximately 11 months later on May 14, 2003, the People charged the defendant with one count of criminal contempt in the second degree, in violation of Penal Law § 215.50 (3), a class A misdemeanor.
The defendant’s instant motion to dismiss was filed on February 28, 2005. On or about June 28, 2005, prior to filing opposition to the motion, the People moved, unopposed, to vacate Judge DeRiggi’s previous contempt order. A review of *408 the People’s vacatur papers, which was submitted to County Court Judge Meryl Berkowitz, reveals that the People acknowledge that Judge DeRiggi’s order was jurisdictionally defective, pursuant to Judiciary Law § 750, because the defendant was not given the requisite notice and opportunity to be heard on the charges. On July 19, 2005, Judge Berkowitz granted the People’s motion and the contempt order was vacated.
On August 16, 2005, the People filed their opposition to the instant motion with the court and the defendant thereafter filed a reply.
II. Legal Analysis
The situation the court is confronted with involves two prosecutions under two statutes for a single act committed by the defendant. The two statutes at issue are Penal Law § 215.50 (3) and Judiciary Law § 750 (A) (1).
Penal Law § 215.50, entitled “Criminal contempt in the second degree,” provides in subdivision (3) that the crime comprises: “Intentional disobedience or resistance to the lawful process or other mandate of a court except in cases involving or growing out of labor disputes as defined by subdivision two of section seven hundred fifty-three-a of the judiciary law.”
Judiciary Law § 750, entitled “Power- of courts to punish for criminal contempts,” states in subdivision (A) (1) and (3):
“A. A court of record has power to punish for a criminal contempt, a person is guilty of any of the following acts, and no others:
“1. Disorderly, contemptuous, or insolent behavior, committed during its sitting, in its immediate view and presence, and directly tending to interrupt its proceedings, or to impair the respect due to its authority . . .
“3. Wilful disobedience to its lawful mandate.”
The defendant argues that the People elected their remedy by convicting the defendant under the Judiciary Law. The People, in contrast, contend that the previous conviction was vacated and is now moot and thus jeopardy does not attach.
A. Double Jeopardy
The issue to be determined by this court is whether the Double Jeopardy Clause pursuant to the federal and state constitutions and New York statutory framework prohibits the *409 prosecution of this defendant for criminal contempt in the second degree (Penal Law § 215.50 [3]).
The principles of double jeopardy are well known. The Double Jeopardy clauses of the United States and New York State constitutions prohibit retrial of a criminal defendant who has already been placed in jeopardy for the same offense (see, US Const 5th Amend; NY Const, art I, § 6). This fundamental right has been made applicable to the states via the Due Process Clause of the Fourteenth Amendment. New York has adopted this principle in article I, § 6 of the New York State Constitution, which provides that “[n]o person shall be subject to be twice put in jeopardy for the same offense.” The New York Legislature has also codified this constitutional right in article 40 of the Criminal Procedure Law. The protections against multiple prosecutions in New York expanded the protections afforded by the state and federal constitutions.
In North Carolina v Pearce (395 US 711, 717 [1969]), Mr. Justice Stewart stated the Fifth Amendment guarantee against double jeopardy consists “of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.” It is this second protection that is implicated by the defendant’s instant motion to dismiss, on the grounds that the instant prosecution is for the same offense after a conviction, thereby violating the Double Jeopardy Clause.
CPL 40.20 reads in pertinent part as follows:
“1. A person may not be twice prosecuted for the same offense.
“2. A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction . . . .”
CPL 40.30 describes when a person is prosecuted for an offense within the meaning of CPL 40.20. A person is “prosecuted” for an offense when the action
“(a) Terminates in a conviction upon a plea of guilty; or “(b) Proceeds to the trial stage and a jury has been impaneled and sworn or, in the case of a trial by the court without a jury, a witness is sworn” (CPL 40.30 [1] [a], [b]).
In the instant case, the defendant was found guilty of contempt, summarily by Judge DeRiggi. The defendant did not plead guilty, nor was there a trial of this action. The act of not *410 appearing as a witness pursuant to a court order may be summarily decided by a judge, pursuant to the Judiciary Law (see, Matter of Frierson v Goldston, 9 AD3d 612 [2004]). However, Judge DeRiggi was without jurisdiction in this case to summarily punish the defendant for his actions which constituted the alleged contempt because the defendant was not given notice and opportunity to be heard, as required by Judiciary Law § 750. Thus, the reason for the People’s motion to vacate and Judge Berkowitz’s decision ordering a vacatur.
CPL 40.30 (2), (3) and (4) set forth circumstances in which a person shall not be deemed to have been prosecuted for an offense, within the meaning of CPL 40.20. CPL 40.30 (2), (3) and (4) state, in relevant part, as follows:
“2. Despite the occurrence of proceedings specified in subdivision one, a person is not deemed to have been prosecuted for an offense, within the meaning of [CPL] 40.20, when:
“(a) Such prosecution occurred in a court which lacked jurisdiction over the defendant or the offense;
“(b) Such prosecution was for a lesser offense than could have been charged under the facts of the case, and the prosecution was procured by the defendant, without the knowledge of the appropriate prosecutor, for the purpose of avoiding prosecution for a greater offense.
“3. Despite the occurrence of proceedings specified in subdivision one, if such proceedings are subsequently nullified by a court order which restores the action to its pre-pleading status or which directs a new trial of the same accusatory instrument, the nullified proceedings do not bar further prosecution of such offense under the same accusatory instrument.
“4. Despite the occurrence of proceedings specified in subdivision one, if such proceedings are subsequently nullified by a court order which dismisses the accusatory instrument but authorizes the people to obtain a new accusatory instrument charging the same offense or an offense based upon the same conduct, the nullified proceedings do not bar further prosecution of such offense under any new accusatory instrument obtained pursuant to such court order or authorization.”
*411 A withdrawn or vacated guilty plea cannot serve as a “previous prosecution” for double jeopardy purposes. In the instant case, the initial proceeding was nullified by a court order. In order for double jeopardy to attach, there must be a “previous prosecution” to serve as a bar to a second prosecution. In other words, “[a]n accused must suffer jeopardy before he can suffer double jeopardy” (Marks, New York Pretrial Criminal Procedure § 2.2 [7 West’s NY Prac Series], quoting Matter of Lockett v Juviler, 65 NY2d 182, 187 [1985]).
Thus, the principle of double jeopardy does not always foreclose the reprosecution of a defendant for the same act. Double jeopardy does not apply if a previous conviction is vacated, thereby rendering the conviction a nullity (see, Matter of De Canzio v Kennedy, 67 AD2d 111 [4th Dept 1979]). A defendant’s retrial will not violate statutory double jeopardy principles where the defendant’s conviction on the same charge was reversed and a new trial ordered based on an erroneous trial court’s ruling (see, Matter of Kelly v Bruhn, 3 AD3d 783 [3d Dept 2004]).
In the instant case, the order of Judge DeRiggi was vacated and nullified by the order of Judge Berkowitz. Thus, applying the traditional double jeopardy principles to the facts in the instant case, it becomes evident that the defendant’s criminal prosecution does not violate the Double Jeopardy Clause. Consequently, defendant’s motion to dismiss on the grounds that the subsequent prosecution violates principles of double jeopardy and CPL 40.20 is denied.
B. Legal Impediment
There is no merit to the defendant’s argument that, since it is undisputed that there was never a valid order holding him in contempt, there is no underlying act of contempt to serve as the basis for the instant criminad proceeding. This argument, on its face, is redundant, as it is encompassed by the double jeopardy argument.
C. Speedy Trial
The defendant previously moved for the same relief as is sought in this portion of the defendant’s motion. By the order of the Honorable Margaret Reilly, dated October 14, 2004, the court ruled on the speedy trial issue. That decision constitutes law of the case.
In the defendant’s current motion, he argues to renew his previous motion as “the time to prosecute the defendant under *412 the Judiciary Law § 750 has expired based upon the People having failed to execute on the warrant in a reasonable and timely manner.” Based upon this statement, the basis for the renewal is unclear. The defendant has not yet raised any new arguments or time frames in his recent motion.

. The defendant moves pursuant to a section of the CPL that sets forth grounds for dismissal of an indictment. CPL 170.30 sets forth the grounds for dismissal of an information.

. The defendant states in his notice of motion and motion that he is seeking to dismiss the accusatory instrument pursuant to CPL 170.56. However, this section governs adjournments in contemplation of dismissal involving marihuana.