■ The People of the State of New York, Respondent, v Rachael L. Hinckley, Appellant. [856 NYS2d 399]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered April 28, 2006. The judgment convicted defendant, upon her plea of guilty, of criminal sale of a controlled substance in the third degree (two counts), sale of an imitation controlled substance (three counts) and grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of criminal sale of a controlled substance in the third degree under count two of the indictment and vacating the plea with respect to that count of the indictment and as modified the judgment is affirmed, and the matter is remitted to Ontario County Court for further proceedings on count two of the indictment in accordance with the following memorandum: Defendant appeals from a judgment convicting her, upon a plea of guilty, of grand larceny in the fourth degree (Penal Law § 155.30 [1]), two counts of criminal sale of a controlled substance in the third degree (§ 220.39 [1]), and three counts of sale of an imitation controlled substance (Public Health Law § 3383 [2]). County Court properly refused to suppress defendant's statements to the police. The record of the suppression hearing supports the court's conclusion that the waiver by defendant of her *Miranda* rights was knowing, voluntary and intelligent and, although defendant contends that she was intoxicated, there is no evidence that she " 'was intoxicated to the degree of mania, or of being unable to understand the meaning of [her] statements' " (*People v Schompert*, 19 NY2d 300, 305 [1967], *cert denied* 389 US 874 [1967]; *see People v Lake*, 45 AD3d 1409 [2007]; *People v Carpenter*, 13 AD3d 1193 [2004], *lv denied* 4 NY3d 797 [2005]).

By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant has failed to preserve for our review her challenge to the factual sufficiency of the plea allocution with respect to the two counts of criminal sale of a controlled substance in the third degree (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Birmingham*, 46 AD3d 1469 [2007]). We agree with defendant, however, that her recitation of the facts underlying the second of those two counts cast significant doubt upon her guilt and thus that her plea with respect to that count falls within the narrow exception to the preservation requirement (*see Lopez*, 71 NY2d at 666). We fur-

ther conclude that the court failed to conduct the requisite inquiry with respect to that count "to ensure that defendant's guilty plea [was] knowing and voluntary" (*id.*). We therefore modify the judgment accordingly, and we remit the matter to County Court for further proceedings on count two of the indictment. Inasmuch as defendant's plea was entered upon a negotiated agreement, we note that, in the event that defendant does not enter a plea of guilty to criminal possession of a controlled substance in the third degree upon remittal, the court "should entertain a motion by the People, should the People be so disposed, to vacate the plea and set aside the conviction in its entirety" (*People v Irwin*, 166 AD2d 924, 925 [1990]; *cf. People v Hall*, 50 AD3d 1467 [2008]).

Defendant failed to preserve for our review her further contention with respect to the grand larceny count, to which she entered an *Alford* plea (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We conclude that the negotiated sentence imposed on count one is not unduly harsh or severe.

Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of three counts of possession of an imitation controlled substance, and it must therefore be amended to reflect that she was convicted of three counts of sale of an imitation controlled substance (*see generally People v Saxton*, 32 AD3d 1286 [2006]). Present—Scudder, P.J., Hurlbutt, Lunn, Pine and Gorski, JJ.