THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMMAR HALL, Appellant. [856 NYS2d 402]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered November 9, 2004. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree and robbery in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is

unanimously modified on the law by reversing that part convicting defendant of robbery in the first degree and vacating the plea with respect to that crime and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the first count of the indictment only.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [3]) and two counts of robbery in the second degree (§ 160.10 [1], [2] [b]). We agree with defendant that the plea with respect to robbery in the first degree is invalid based on the factual insufficiency of the plea allocution with respect to that crime. Although defendant failed to preserve his contention for our review by failing to move to withdraw his plea or to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665 [1988]), we conclude that this case falls within the narrow exception to the preservation requirement because his "recitation of the facts underlying [that] crime . . . clearly cast[ ] significant doubt upon [his] guilt" (*id.* at 666; *see People v Hinckley*, 50 AD3d 1466 [2008]). Supreme Court was informed during the plea colloquy that the gun used by defendant during the alleged commission of robbery in the first degree was an unloaded BB gun and, although it was pointed at the victim's temple, the plea allocution did not indicate that it was used as a dangerous instrument within the meaning of Penal Law § 10.00 (13) (*see People v Wasson*, 266 AD2d 701 [1999]; *People v Espinoza*, 253 AD2d 983 [1998]). An element of robbery in the first degree is that defendant "[u]ses or threatens the immediate use of a dangerous instrument" during the commission of the robbery (Penal Law § 160.15 [3]) and, "where a defendant's factual recitation negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered" (*Lopez*, 71 NY2d at 666). Here, the court failed to conduct the requisite inquiry.

We therefore modify the judgment accordingly (*see Wasson*, 266 AD2d at 702), and we remit the matter to Supreme Court for further proceedings on the first count of the indictment only, in view of the fact that this case does not involve a negotiated plea agreement (*cf. Hinckley*, 50 AD3d 1466 [2008]).

To the extent that the contention of defendant that he was denied effective assistance of counsel survives his plea of guilty (*see People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we note that defendant failed to preserve that

contention for our review (*see People v Tantao*, 41 AD3d 1274 [2007]; *People v Fulford*, 296 AD2d 661, 662 [2002]). We further note that, to the extent that defendant's contention is based on defense counsel's alleged failure to negotiate a plea bargain, it involves matters outside the record and thus is properly raised by way of a motion pursuant to CPL article 440 (*see People v Ballard*, 13 AD3d 670, 672 [2004], *lv denied* 4 NY3d 796 [2005]; *People v James*, 269 AD2d 845, 846 [2000]).

Finally, the sentence imposed on the remaining counts is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Lunn, Pine and Gorski, JJ.