■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMONE R. FRAZIER, Appellant. [880 NYS2d 809]—Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered June 6, 2007. The judgment convicted defendant, upon his plea of guilty, of rape in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of rape in the third degree (Penal Law § 130.25 [2]), defendant contends that he did not validly waive his right to appeal. We reject that contention (*see People v Calvi*, 89 NY2d 868, 871 [1996]; *People v Brown [Sean]*, 41 AD3d 1234 [2007], *lv denied* 9 NY3d 873 [2007]). "The plea allocution establishes that the waiver of the right to appeal was voluntarily, knowingly, and intelligently entered . . . , even though some of defendant's responses to [County Court's] inquiries were monosyllabic" (*Brown*, 41 AD3d at 1234 [internal quotation marks omitted]; *see People v Wilson*, 38 AD3d 1348 [2007], *lv denied* 9 NY3d 927 [2007]). The valid waiver by defendant of the right to appeal encompasses his contention that the court erred in denying his motion to dismiss the indictment on the ground that the search of his vehicle was illegal, requiring suppression of the fruits of that search, and in failing to conduct a hearing with respect to the legality of the police conduct during the search (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Williams*, 49 AD3d 1281 [2008], *lv denied* 10 NY3d 940 [2008]).

The contention of defendant in his pro se supplemental brief that he was denied his right to testify before the grand jury is "foreclosed by defendant's valid waiver of the right to appeal as well as by defendant's plea of guilty" (*People v Duzant*, 15 AD3d 860, 861 [2005], *lv denied* 5 NY3d 761 [2005] [internal quotation marks omitted]; *see People v Sachs*, 280 AD2d 966 [2001], *lv denied* 96 NY2d 834 [2001], 97 NY2d 708 [2002]). To the extent that the further contention of defendant in his pro se supplemental brief concerning ineffective assistance of counsel survives the guilty plea and waiver of the right to appeal, defendant failed to preserve that contention for our review "inasmuch as he did

not move to withdraw his plea or to vacate the judgment of conviction on that ground" (*People v White*, 37 AD3d 1112, 1113 [2007]; *see People v Hall*, 50 AD3d 1467, 1468-1469 [2008], *lv denied* 11 NY3d 789 [2008]). Finally, to the extent that defendant's contention with respect to ineffective assistance of counsel is based on defense counsel's alleged failure to discuss the case with defendant, to secure defendant's right to testify before the grand jury or to move to suppress certain medical records, the contention involves matters outside the record on appeal and thus is properly raised by way of a motion pursuant to CPL article 440 (*see Hall*, 50 AD3d at 1469; *People v Leno*, 21 AD3d 1399 [2005], *lv denied* 5 NY3d 883 [2005]). Present—Scudder, P.J., Martoche, Fahey, Carni and Pine, JJ.