# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

462

KA 10-00663

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JAVAN BURROUGHS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered March 27, 2009. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree and robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated and the matter is remitted to Monroe County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of robbery in the first degree (Penal Law § 160.15 [2]) and robbery in the second degree (§ 160.10 [1]). We agree with defendant that his factual allocution "negate[d] an essential element of the crime" of robbery in the first degree (*People v Lopez*, 71 NY2d 662, 666), inasmuch as defendant stated that the weapon used was a "fake." As the People correctly conceded at oral argument, County Court failed to clarify whether defendant or an accomplice was in fact "armed with a deadly weapon" (§ 160.15 [2]). "[A]t a minimum the record of the . . . plea proceedings must reflect . . . that defendant's responses to the court's subsequent questions removed the doubt about defendant's guilt" of the crime of robbery in the first degree (*People v Ocasio*, 265 AD2d 675, 678). Thus, we vacate his plea of guilty with respect to robbery in the first degree. Additionally, we note that defendant pleaded guilty to both counts of robbery with the understanding that he would be sentenced to concurrent determinate terms of imprisonment of five years. Inasmuch as he was induced to plead guilty based on the promise of concurrent sentences, we also vacate the plea with respect to robbery in the second degree, thereby vacating the plea in its entirety (*see People v Rosa*, 30 AD3d 905, 908, *lv denied* 7 NY3d 851; *cf. People v Hinckley*,

50 AD3d 1466, 1467, *lv denied* 10 NY3d 959).

Entered:  May 3, 2013                          Frances E. Cafarell
                                               Clerk of the Court