# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1417
KA 14-00475
PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

JOSEPH HARRIS, DEFENDANT-APPELLANT.

---

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered February 27, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree and attempted promoting prison contraband in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating that part of the plea of guilty to attempted promoting prison contraband in the first degree and as modified the judgment is affirmed and the matter is remitted to Livingston County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [1]), and attempted promoting prison contraband in the first degree (§§ 110.00, 205.25 [2]). Defendant was charged in an eight-count indictment with a series of charges, and he pleaded guilty to those two crimes as lesser included offenses of the crimes charged in the third and eighth counts of the indictment, respectively.

Defendant failed to preserve for our review his contention that his guilty plea was not entered knowingly, voluntarily and intelligently (*see People v Darling*, 125 AD3d 1279, 1279, *lv denied* 25 NY3d 1071), and we conclude that, to the extent he pleaded guilty to attempted criminal possession of a weapon, that part of his plea does not fall within the narrow exception to the preservation requirement such that County Court had a duty to inquire further into the voluntariness of the plea with respect to that crime (*see People v Lopez*, 71 NY2d 662, 666; *Darling*, 125 AD3d at 1279). We agree with defendant, however, that the plea of guilty falls within that exception to the extent defendant pleaded guilty to attempted promoting prison contraband. Although "no factual colloquy was required inasmuch as defendant pleaded guilty to a lesser included

offense" (*People v Thelbert*, 17 AD3d 1049, 1049), here, defendant expressly stated during the colloquy that he did not knowingly possess contraband, did not attempt to introduce any contraband into the jail, and did not intend to do so. This negated an element of the crime of attempted promoting prison contraband in the first degree, which requires, inter alia, that he "knowingly and unlawfully makes, obtains or possesses any dangerous contraband" (Penal Law § 205.25 [2]). Thus, defendant's denials created "that rare case . . . where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea[. Consequently,] the trial court [had] a duty to inquire further to ensure that defendant's guilty plea [was] knowing and voluntary" (*Lopez*, 71 NY2d at 666). The court having failed to do so, we vacate that part of the plea of guilty to attempted promoting prison contraband and remit the matter to County Court for further proceedings on count eight of the indictment.

We note, however, that the People have been deprived of the benefit of their bargain. Thus, upon remittal, "the court should entertain a motion by the People, should the People be so disposed, to vacate the plea . . . in its entirety" (*People v Irwin*, 166 AD2d 924, 925; *see People v Speed*, 13 AD3d 1083, 1084, *lv denied* 5 NY3d 795; *see generally People v Farrar*, 52 NY2d 302, 307-308).

Entered: December 31, 2015                    Frances E. Cafarell
                                              Clerk of the Court