# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

595
KA 15-00788
PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL A. BERTOLLINI, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

KARPINSKI, STAPLETON & TEHAN, P.C., AUBURN (ADAM H. VANBUSKIRK OF COUNSEL), FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered January 29, 2015. The judgment convicted defendant, upon his plea of guilty, of reckless endangerment in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Cayuga County Court for further proceedings on the superior court information.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of failure to report a change of address as a sex offender (Correction Law § 168-f [4]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of reckless endangerment in the first degree (Penal Law § 120.25). We note at the outset that defendant does not raise any contentions with respect to the judgment in appeal No. 1, and we therefore dismiss the appeal therefrom (*see People v Michael A.C.* [appeal No. 2], 128 AD3d 1359, 1360, *lv denied* 25 NY3d 1168).

By failing to move to withdraw the plea or vacate the judgment of conviction in appeal No. 2, defendant has failed to preserve for our review his challenge to the factual sufficiency of the plea allocution with respect to the charge of reckless endangerment in the first degree (*see People v Kozody*, 74 AD3d 1907, 1908, *lv denied* 15 NY3d 806). We agree with defendant, however, that his recitation of the facts underlying that charge cast significant doubt upon his guilt insofar as it negated the element of depraved indifference, and thus that his plea falls within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666-667; *People v Hinckley*, 50 AD3d 1466, 1466, *lv denied* 10 NY3d 959). Although County

Court attempted to conduct a further inquiry before accepting defendant's guilty plea, that inquiry was insufficient to reestablish the negated element, and the court therefore failed to ensure that the plea was knowing and voluntary.  We therefore reverse the judgment in appeal No. 2, vacate the plea, and remit the matter to County Court for further proceedings on the superior court information.  Although defendant does not challenge his plea with respect to the charge of failure to report a change of address as a sex offender in appeal No. 1, because both charges were encompassed by a negotiated agreement, we note that in the event that defendant does not enter a plea of guilty to the charge of reckless endangerment in the first degree upon remittal, the court " 'should entertain a motion by the People, should the People be so disposed, to vacate the plea [in appeal No. 1] and set aside th[at] conviction' " as well (*Hinckley*, 50 AD3d at 1467).

In light of our determination, we do not reach defendant's alternative contention in appeal No. 2 that the sentence imposed by the court for reckless endangerment in the first degree is unduly harsh and severe.

Entered:  July 8, 2016                          Frances E. Cafarell
                                                Clerk of the Court