2014-1069 N CRThe People of the State of New York, Respondent,
against
Matthew J. Kwas, Appellant.



Appeal from a judgment of the District Court of Nassau County, First District (Valerie Alexander, J.), rendered April 28, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted criminal contempt in the second degree.




ORDERED that the judgment of conviction is reversed, on the law, and, as a matter of discretion in the interest of justice, the accusatory instrument is dismissed.
Defendant was charged in an information with criminal contempt in the second degree (Penal Law § 215.50 [3]), after allegedly violating an order of protection directing him to stay away from the victim. During the plea colloquy, with the aid of counsel, defendant indicated to the court that he had not known that the victim had been present at the time and place the alleged offense was said to have occurred. Following an off-the-record discussion defendant had with counsel, and without any further inquiry by the District Court, defendant pleaded guilty to attempted criminal contempt in the second degree (Penal Law §§ 110.00, 215.50 [3]) in satisfaction of the accusatory instrument, and waived his right to appeal. Defendant was sentenced to a fine and a conditional discharge.
While defendant validly waived his right to appeal (see People v Sanders, 25 NY3d 337 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]), his contention challenging the voluntariness of his plea of guilty survives his appeal waiver (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Innocent, 132 AD3d 696 [2015]; People v Fontanet, 126 AD3d 723 [2015]), as it is based upon the constitutional principle that a guilty plea must be "entered voluntarily, knowingly and intelligently" (People v Sougou, 26 NY3d 1052, 1054 [2015]). "[I]n order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea . . . or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10" (People v Peque, 22 NY3d 168, 182 [2013] [internal citations omitted]; see People v Conceicao, 26 NY3d 375, 381 [2015]). However, a defendant may challenge the sufficiency of the plea allocution on direct appeal without formally preserving such a claim "where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea," and the court fails in its duty to make further inquiry before accepting the plea (People v Lopez, 71 NY2d 662, 666 [1988]).
A person is guilty of attempted criminal contempt in the second degree (Penal Law §§ 110.00, 215.50 [3]) when he attempts to intentionally disobey or resist the lawful process or other [*2]mandate of a court. As defendant's initial statement casts doubt on his intent to disobey the order of protection, the court erred in failing to inquire further before accepting defendant's plea. Consequently, the judgment of conviction must be reversed and the plea vacated (see People v Speed, 13 AD3d 1083, 1084 [2004]; People v Ocasio, 265 AD2d 675, 677 [1999]).
As defendant has served his sentence and no penological purpose would be furthered by reinstating the proceedings (see People v Domin, 42 Misc 3d 149[A], 2014 NY Slip Op 50403[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]), as a matter of discretion in the interest of justice, we dismiss the accusatory instrument.
In view of the foregoing, we pass upon no other issue raised on appeal.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
Iannacci, J.P., and Brands, J., concur.
Decision Date: January 24, 2017