People v Judge (2019 NY Slip Op 06897)





People v Judge


2019 NY Slip Op 06897


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


791 KA 14-01227

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FRANK J. JUDGE, DEFENDANT-APPELLANT. 






CATHERINE H. JOSH, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (John B. Gallagher, Jr., A.J.), rendered May 9, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal contempt in the second degree (Penal Law § 215.50 [3]). Contrary to defendant's contention, his waiver of the right to appeal is valid (see generally People v Lopez, 6 NY3d 248, 256 [2006]). Defendant discussed his right to appeal with his attorney before waiving that right and was advised that his "right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (id.; see generally People v Truitt, 170 AD3d 1591, 1591 [4th Dept 2019], lv denied 33 NY3d 1036 [2019]). Further, "[t]he plea allocution establishes that the waiver of the right to appeal was voluntarily, knowingly, and intelligently entered . . . , even though some of defendant's responses to [Supreme Court's] inquiries were monosyllabic" (People v Frazier, 63 AD3d 1633, 1633 [4th Dept 2009], lv denied 12 NY3d 925 [2009] [internal quotation marks omitted]). Because defendant, under the circumstances here, does not raise a jurisdictional challenge, defendant's valid waiver of the right to appeal encompasses his contention that the court erred in denying that part of his second omnibus motion seeking to dismiss certain criminal complaints against him (cf. People v Oliveri, 49 AD3d 1208, 1209 [4th Dept 2008]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court