People v Harris (2020 NY Slip Op 02394)





People v Harris


2020 NY Slip Op 02394


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


96 KA 16-01976

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH HARRIS, DEFENDANT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered September 1, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree and criminal possession of stolen property in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [1]) and criminal possession of stolen property in the fifth degree (§ 165.40). Defendant was charged in an eight-count indictment with a series of charges, and he originally pleaded guilty to attempted criminal possession of a weapon in the third degree and attempted promoting prison contraband in the first degree (§§ 110.00, 205.25 [2]) as lesser included offenses of the crimes charged in the third and eighth counts of the indictment, respectively, in full satisfaction of the indictment. On a prior appeal, however, we vacated that part of the plea of guilty to attempted promoting prison contraband because defendant expressly stated during his plea colloquy that he did not knowingly possess any contraband, and County Court failed to inquire further to ensure that defendant's guilty plea was knowing and voluntary (People v Harris, 134 AD3d 1587, 1587-1588 [4th Dept 2015], lv denied 27 NY3d 998 [2016]). We remitted the matter to County Court for further proceedings on count eight of the indictment, and we noted that, because we vacated part of the plea, "the People have been deprived of the benefit of their bargain" (id. at 1588). Thus, we directed that, "upon remittal, the court should entertain a motion by the People, should the People be so disposed, to vacate the plea . . . in its entirety" (id. [internal quotation marks omitted]). After the People so moved upon remittal, the court granted the motion, vacated the judgment of conviction, and reinstated the indictment in its entirety. Defendant later pleaded guilty to the crimes stated above, again in full satisfaction of the indictment. We affirm.
Defendant failed to move to withdraw his plea or to vacate the judgment of conviction, and thus he failed to preserve his contention that his plea of guilty on remittal was not knowingly, voluntarily, and intelligently entered (see People v Boyden, 112 AD3d 1372, 1372-1373 [4th Dept 2013], lv denied 23 NY3d 960 [2014]). We conclude that this case does not fall within the narrow exception to the preservation requirement because the plea colloquy did not "clearly cast[] significant doubt upon the defendant's guilt or otherwise call[] into question the voluntariness of the plea" (People v Lopez, 71 NY2d 662, 666 [1988]). In any event, the evidence in the record demonstrates that defendant knowingly, voluntarily, and intelligently entered the guilty plea (see People v Seeber, 4 NY3d 780, 781-782 [2005]; People v Weakfall, 108 AD3d 1115, 1116 [4th Dept 2013], lv denied 21 NY3d 1078 [2013]).
Contrary to defendant's contention, his failure to admit the elements of the crimes to which he pleaded guilty does not invalidate his guilty plea. It is well settled that "an allocution [*2]based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime" (People v Goldstein, 12 NY3d 295, 301 [2009]). Indeed, the Court of Appeals has "refused to disturb pleas by canny defendants even [where, as here,] there has been absolutely no elicitation of the underlying facts of the crime
. . . It is enough that the allocution shows that the defendant understood the charges and made an intelligent decision to enter a plea" (id.). Here, "the allocution was adequate to meet these purposes" (id.).
We reject defendant's contention that, on remittal, the court erred in granting the People's motion seeking, inter alia, to vacate his prior plea in its entirety. The People were deprived of the benefit of the original plea agreement when this Court vacated defendant's plea of guilty with respect to one of the crimes to which defendant pleaded guilty, and thus they were entitled to withdraw their consent to that plea agreement (see generally CPL 220.10 [3], [4]). Accordingly, the court properly exercised its discretion on remittal by granting the People's motion, vacating defendant's prior judgment of conviction, and reinstating the indictment in its entirety (see People v Farrar, 52 NY2d 302, 307-308 [1981]; People v Speed, 13 AD3d 1083, 1084 [4th Dept 2004], lv denied 5 NY3d 795 [2005]; People v Irwin, 166 AD2d 924, 925 [4th Dept 1990]).
Although we agree with defendant that his double jeopardy claim, asserted in a preplea motion, was not forfeited by his subsequent guilty plea (see People v Hansen, 95 NY2d 227, 231 n 2 [2000]), we reject his contention that the indictment's reinstatement violated his right to be protected from double jeopardy under the federal and state constitutions. It is well established that a defendant who succeeds, as defendant did here, in having a conviction reversed on appeal may be retried for the same offense without contravening double jeopardy principles (see Matter of Suarez v Byrne, 10 NY3d 523, 534 [2008], rearg denied 11 NY3d 753 [2008]). Moreover, double jeopardy does not apply under the circumstances here because defendant's prior judgment of conviction was vacated on remittal, thereby rendering the conviction a nullity (see Matter of De Canzio v Kennedy, 67 AD2d 111, 116 [4th Dept 1979], lv denied 47 NY2d 709 [1979]; People v Yaghoubi, 10 Misc 3d 406, 411 [Nassau Dist Ct 2005]).
We reject defendant's contention that the court erred in denying his motion, upon remittal, asking that the court recuse itself. "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal" (People v Moreno, 70 NY2d 403, 405 [1987]; see People v Chess, 162 AD3d 1577, 1578 [4th Dept 2018]). Here, defendant did not allege a legal disqualification under Judiciary Law § 14; rather, his contention that the court was biased arose from the court's participation in the prior plea, which is not an extrajudicial source of bias that serves as a basis for recusal (see People v Terborg, 156 AD3d 1320, 1321 [4th Dept 2017], lv denied 31 NY3d 1018 [2018]).
Defendant's further contention that the court failed to make a sufficient inquiry into his request for substitution of counsel "is encompassed by the plea . . . except to the extent that the contention implicates the voluntariness of the plea" (People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012] [internal quotation marks omitted]; see People v Sallard, 175 AD3d 1839, 1839-1840 [4th Dept 2019]). Defendant nonetheless abandoned that request when he "decid[ed] . . . to plead guilty while still being represented by the same attorney" (People v Kates, 162 AD3d 1627, 1629 [4th Dept 2018], lv denied 32 NY3d 1065 [2018], reconsideration denied 32 NY3d 1173 [2019] [internal quotation marks omitted]). In any event, that contention lacks merit. Defendant failed to demonstrate the requisite "good cause for substitution . . . inasmuch as his objections to his assigned counsel were vague and unsubstantiated" (People v Farmer, 132 AD3d 1238, 1239 [4th Dept 2015], lv denied 27 NY3d 1068 [2016]).
Finally, defendant's contention concerning his request for a change of venue was forfeited by his plea of guilty (see People v Williams, 14 NY2d 568, 570 [1964]; People v Baker, 175 AD3d 1113, 1114 [4th Dept 2019], lv denied 34 NY3d 978 [2019], lv granted 34 NY3d 1126 [2020]; People v De Alvarez, 59 AD3d 732, 732-733 [2d Dept 2009], lv denied 12 NY3d 852 [2009]).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court