People v Burns (2025 NY Slip Op 02488)

People v Burns

2025 NY Slip Op 02488

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, NOWAK, AND DELCONTE, JJ.

280 KA 22-01181

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
OSHEA BURNS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH A. DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Gordon J. Cuffy, A.J.), rendered June 1, 2022. The judgment convicted defendant of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, and the indictment is dismissed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). In appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (id. ). The conviction of each of those crimes stems from defendant's alleged possession of a gun outside of his home or place of business on May 14 and May 29, 2021.
With respect to appeal No. 1, as defendant contends and the People correctly concede, defendant's conviction of criminal possession of a weapon in the second degree related to the May 14 incident is illegal because defendant did not plead guilty to that count of the indictment (see People v Allen , 267 AD2d 982, 982 [4th Dept 1999]; People v Irwin , 166 AD2d 924, 924-925 [4th Dept 1990]). Indeed, the CPL defines a "conviction" as "the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of such instrument" (CPL 1.20 [13]). Here, there could be no conviction because defendant did not plead guilty to any count of the indictment with respect to appeal No. 1, and that matter never proceeded to trial. Consequently, in appeal No. 1, we reverse the judgment and dismiss the indictment.
With respect to appeal No. 2, we conclude that the sentence is not unduly harsh or severe.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court